UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SANTIAGO ANZURES, ALFREDO SANCHEZ QUIRINO and
ELEAZAR MENDEZ BARRANCO, individually and on behalf
of all others similarly situated,

                                   Plaintiffs,

        -against-

MAREDIN REST. CORP. d/b/a T-BONE DINER and PETER
PLEVRITIS, as an individual,

                                   Defendants.
-------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs, SANTIAGO ANZURES, ALFREDO SANCHEZ QUIRINO and ELEAZAR MENDEZ BARRANCO, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, bring this action against **MAREDIN REST. CORP. d/b/a T-BONE DINER and PETER PLEVRITIS, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants located at 10748 Queen Blvd., Forest Hill, New York 11375.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff SANTIAGO ANZURES residing at Rego Park, New York 11374 was employed by MAREDIN REST. CORP. d/b/a T-BONE DINER from in or around March 1986 until in or around February 2022.

8. Plaintiff ALFREDO SANCHEZ QUIRINO residing at Elmhurst, New York 11373 was employed by MAREDIN REST. CORP. d/b/a T-BONE DINER, from in or around August 2008 until in or around February 2022.

9. Plaintiff ELEAZAR MENDEZ BARRANCO residing at Elmhurst, New York 11373 was employed by MAREDIN REST. CORP. d/b/a T-BONE DINER, from in or around February 2012 until in or around March 2020 and from in or around March 2021 until in or around February 2022.

10. Defendant, MAREDIN REST. CORP. d/b/a T-BONE DINER is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 10748 Queen Blvd., Forest Hill, NY, 11375.

11. Upon information and belief, Defendant PETER PLEVRITIS is the owner of MAREDIN REST. CORP. d/b/a T-BONE DINER.

12. Defendant PETER PLEVRITIS is an agent of MAREDIN REST. CORP. d/b/a T-BONE DINER.

13. Upon information and belief, PETER PLEVRITIS is responsible for overseeing the daily operations of MAREDIN REST. CORP. d/b/a T-BONE DINER.

2

14. Upon information and belief, PETER PLEVRITIS has power and authority over all the final personnel decisions of MAREDIN REST. CORP. d/b/a T-BONE DINER.

15. Upon information and belief, PETER PLEVRITIS has the power and authority over all final payroll decisions of MAREDIN REST. CORP. d/b/a T-BONE DINER, including the Plaintiffs.

16. Upon information and belief, MAREDIN REST. CORP. d/b/a PETER PLEVRITIS has the exclusive final power to hire the employees of MAREDIN REST. CORP. d/b/a T-BONE DINER, including the Plaintiffs.

17. Upon information and belief, PETER PLEVRITIS has exclusive final power over the firing and terminating of the employees of MAREDIN REST. CORP. d/b/a T-BONE DINER, including Plaintiffs.

18. Upon information and belief, PETER PLEVRITIS is responsible for determining, establishing, and paying the wages of all employees of MAREDIN REST. CORP. d/b/a T-BONE DINER, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, PETER PLEVRITIS was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

20. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that MAREDIN REST. CORP. d/b/a T-BONE DINER (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

**RELEVANT STATUTORY PERIOD**

21. Under the FLSA and NYLL, Plaintiffs federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on May 2022.  As such, the

relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning May 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## SANTIAGO ANZURES

22. Plaintiff SANTIAGO ANZURES was employed by MAREDIN REST. CORP. d/b/a T-BONE DINER, as a cook and baker while performing related miscellaneous duties for the Defendants, from in or around March 1986 until in or around February 2022.

23. During the relevant statutory period, Plaintiff SANTIAGO ANZURES regularly worked:
    i. six (6) days per week from in or around May 2016 until in or around December 2017;
    ii. five (5) days per week from in or around January 2018 until in or around December 2020; and
    iii. three (3) days per week from in or around January 2021 until in or around February 2022.

24. During the relevant statutory period, Plaintiff SANTIAGO ANZURES regularly worked a schedule of shifts as follows:
    i. beginning at approximately 6:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, every Monday to Friday, and from 6:00 a.m. and regularly ended at approximately 12:00 p.m., every Saturday from in or around May 2016 until in or around December 2017;
    ii. beginning at approximately 6:00 a.m. and regularly ended at approximately 4:00 p.m., or later, five (5) days per week from in or around January 2018 until in or around December 2018;
    iii. beginning at approximately 6:00 a.m. and regularly ended at approximately 2:00 p.m., or later, five (5) days per week from in or around January 2019 until in or around December 2019;
    iv. beginning at approximately 6:00 a.m. and regularly ended at approximately 12:00 p.m., or later, five (5) days per week from in or around January 2020 until in or around December 2020; and

4

    v.    beginning at approximately 6:00 a.m. and regularly ended at approximately 12:00 p.m., or later, three (3) days per week from in or around January 2021 until in or around February 2022.

25. Thus, Plaintiff was regularly required to work:

    i.    fifty-six (56) hours or more hours per week, from in or around May 2016 until in or around December 2017;

    ii.    fifty (50) hours or more hours per week, from in or around January 2018 until in or around December 2018,

    iii.    forty (40) hours or more hours per week, from in or around January 2019 until in or around December 2019;

    iv.    thirty (30) hours or more hours per week, from in or around January 2020 until in or around December 2020; and

    v.    eighteen (18) hours or more hours per week, from in or around January 2021 until in or around February 2022.

26. During the relevant statutory period, Plaintiff SANTIAGO ANZURES was paid by Defendants based on a flat weekly rate of approximately:

    i.    $575.00 per week for all hours worked from in or around May 2016 until in or around December 2020; and

    ii.    $270.00 per week for all hours worked from in or around January 2021 until in or around February 2022.

27. Despite being told that he would receive a weekly salary, Defendants paid Plaintiff SANTIAGO ANZURES on a bi-weekly basis during the relevant statutory period, failing to timely pay Plaintiff for his first week of wages for every bi-weekly period within the relevant statutory period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

28. Although Plaintiff regularly worked fifty-six (56) hours or more hours per week, from in or around May 2016 until in or around December 2017 and fifty (50) hours or more hours per week, from in or around January 2018 until in or around December 2018, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Furthermore, Defendants failed to pay Plaintiff SANTIAGO ANZURES the legally prescribed minimum wage for all his hours worked from January 2019 until in or around February 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
30. Additionally, Plaintiff SANTIAGO ANZURES was not compensated at all for approximately ten weeks of employment within the relevant statutory period. For certain weeks through the period, Defendants would not pay Plaintiff on time and Plaintiff expected he would receive his pay at a later time but Defendants would not make up the amounts owed to him.

## ALFREDO SANCHEZ QUIRINO

31. Plaintiff ALFREDO SANCHEZ QUIRINO was employed by MAREDIN REST. CORP. d/b/a T-BONE DINER, as a dishwasher, delivery worker, cleaner and food preparer while performing related miscellaneous duties for the Defendants, from in or around August 2008 until in or around February 2022.
32. During the relevant statutory period, Plaintiff ALFREDO SANCHEZ QUIRINO regularly worked six (6) days per week.
33. During the relevant statutory period, Plaintiff ALFREDO SANCHEZ QUIRINO regularly worked a schedule of shifts beginning at 6:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, six (6) days per week.
34. Thus, Plaintiff was regularly required to work sixty (60) hours or more hours per week, during the relevant statutory period.
35. From in or around May 2016 until in or around March 2020, Plaintiff ALFREDO SANCHEZ QUIRINO was paid by Defendants a flat rate of approximately $640.00 bi-weekly without regard for all the number of hours worked.
36. However, beginning in March 2020 at the outset of the Covid-19 pandemic, Defendants told Plaintiff ALFREDO SANCHEZ QUIRINO that they would no longer compensate him with a bi-weekly salary and that he would only receive tips until "things went back to normal."

37. Although business improved thereafter, Defendants did not compensate Plaintiff ALFREDO SANCHEZ QUIRINO with any hourly, daily or weekly rate of pay for the period of March 2020 until in or around February 2022.

38. Plaintiff ALFREDO SANCHEZ QUIRINO's only compensation from March 2020 until in or around February 2022 were tips that he received from customers.

39. As such, Defendants failed to compensate ALFREDO SANCHEZ QUIRINO at all from March 2020 until in or around February 2022.

40. Although Plaintiff regularly worked sixty (60) hours or more hours per week, during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Further, Defendants failed to pay Plaintiff ALFREDO SANCHEZ QUIRINO the legally prescribed minimum wage for all his hours worked during the relevant statutory period, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

42. Furthermore, Defendants paid Plaintiff ALFREDO SANCHEZ QUIRINO on a bi-weekly basis from May 2016 until March 2022 within the relevant statutory period, failing to timely pay Plaintiff for his first week of wages for every bi-weekly period within the relevant statutory period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

### ELEAZAR MENDEZ BARRANCO

43. Plaintiff ELEAZAR MENDEZ BARRANCO was employed MAREDIN REST. CORP. d/b/a T-BONE DINER, as a dishwasher, delivery worker, cleaner and preparer while performing related miscellaneous duties for the Defendants, from in or around February 2012 until in or around March 2020 and from in or around March 2021 until in or around February 2022.

44. During the relevant statutory period, Plaintiff ELEAZAR MENDEZ BARRANCO regularly worked six (6) days per week during the relevant statutory period.

45. During the relevant statutory period, Plaintiff ELEAZAR MENDEZ BARRANCO regularly worked a schedule of shifts as follows:

7

    i. beginning at approximately 6:00 p.m. each workday and regularly ending at approximately 6:00 a.m., or later, six (6) days per week from in or around May 2016 until in or around December 2017;

    ii. beginning at approximately 4:00 p.m. and regularly ending at approximately 12:00 a.m., or later, every Monday, Tuesday, Wednesday, and Sunday; and from approximately 4:00 p.m. and regularly ending at approximately 2:00 a.m., or later, every Friday and Saturday from in or around January 2018 until in or around March 2020;

    iii. beginning at 8:00 a.m. and regularly ended at approximately 11:00 p.m., or later, six (6) days per week from in or around March 2021 until in or around February 2022.

46. Thus, Plaintiff was regularly required to work approximately seventy-two (72) hours or more hours per week, from in or around May 2016 until in or around December 2017; approximately fifty-two (52) hours or more hours per week, from in or around January 2018 until in or around March 2020; and approximately ninety (90) hours or more hours per week, from in or around March 2021 until in or around February 2022.

47. During the relevant statutory period, Plaintiff ELEAZAR MENDEZ BARRANCO was paid by Defendants a flat rate of approximately:

    i. $650.00 every bi-weekly period from in or around May 2016 until in or around March 2020; and

    ii. $370.00 per week from in or around March 2021 until in or around February 2022.

48. Although Plaintiff regularly approximately seventy-two (72) hours or more hours per week, from in or around May 2016 until in or around December 2017; approximately fifty-two (52) hours or more hours per week, from in or around January 2018 until in or around March 2020 and approximately ninety (90) hours or more hours per week, from in or around March 2021 until in or around February 2022, during his employment by the Defendants, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

49. Further, Defendants failed to pay Plaintiff ELEAZAR MENDEZ BARRANCO the legally prescribed minimum wage for all his hours worked during the relevant statutory period, a blatant violation of the minimum wage provisions contained in the NYLL and its regulations.

50. Additionally, Plaintiff ELEAZAR MENDEZ BARRANCO worked in excess of ten (10) or more hours per day approximately six (6) days per week from in or around February 2012 until in or around February 2022, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

51. Furthermore, Defendants paid Plaintiff ELEAZAR MENDEZ BARRANCO on a bi-weekly basis during the relevant statutory period, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

52. Plaintiff was not compensated at all for his last 3 months of employment by the Defendants.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

53. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

54. Furthermore, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

55. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

56. Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

57. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding

$100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate

## **COLLECTIVE ACTION ALLEGATIONS**

58. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

59. Collective Class: All persons who are or have been employed by the Defendants as cleaners, bakers, chefs, dishwashers, delivery workers and food preparers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

60. Upon information and belief, Defendants employed 20 to 25 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

61. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

62. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

63. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

64. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

65. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly

situated employees are known to Defendants and are readily identifiable through Defendants' records.

66. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

67. The claims of Plaintiff are typical of the claims of the whole putative class.

68. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

69. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. Plaintiffs has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

72. At all times relevant to this action, Plaintiffs was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

73. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

74. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

75. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

76. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form

of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

78. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

80. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

81. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

82. At all relevant times, Defendants failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

83. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

84. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

85. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

86. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

87. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

88. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

89. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

90. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

91. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

92. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

93. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

94. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

13

## SIXTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

95. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

97. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

98. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SEVENTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

99. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

100. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

101. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

102. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## EIGHT CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

103. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

14

104. Defendants willfully violated the rights of Plaintiffs by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

105. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

106. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## NINTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

107. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

108. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

109. Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorneys' fees.

## TENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

110. Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

111. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).

112. Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorneys' fees the action, including interest in accordance with NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid minimum wages;

d. Awarding Plaintiffs unpaid wages;

e. Awarding Plaintiff's unpaid spread of hours compensation wages;

f. Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;

g. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

h. Awarding Plaintiffs prejudgment and post-judgment interest;

i. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: May 13, 2022
Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANTIAGO ANZURES, ALFREDO SANCHEZ QUIRINO and ELEAZAR MENDEZ BARRANCO, individually and on behalf of all others similarly situated,

        Plaintiffs,

  -against-

MAREDIN REST. CORP. d/b/a T-BONE DINER and PETER PLEVRITIS, as an individual,

        Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**MAREDIN REST. CORP. d/b/a T-BONE DINER**
10748 Queen Blvd., Forest Hill, NY 11375

**PETER PLEVRITIS**
10748 Queen Blvd., Forest Hill, NY 11375

336 Edinboro Rd., Staten Island, NY 10306